## In re ZIEGLER PRINTING CO., Inc.
### No. 18573.

District Court, W. D. Pennsylvania.
Jan. 12, 1934.

Schlesinger & Schlesinger, of Pittsburgh, Pa., for petitioning creditors.

J. B. Greer, of Butler, Pa., for referee.

Stonecipher & Ralston, of Pittsburgh, Pa., for bankrupt.

SCHOONMAKER, District Judge.

An involuntary petition in bankruptcy was filed in this case, and on December 12, 1933, the petitioning creditors, through their counsel, Isadore Schlesinger, petitioned the court for the appointment of a receiver. That petition was referred to John B. Greer, one of the referees in bankruptcy, as special master, with power and authority to appoint a receiver, if he deemed the appointment of a receiver necessary, with power and authority to approve a receiver's bond, if a receiver be appointed, or to approve bond of the petitioning creditors, unless the same be waived.

The application for a receiver was contested by the alleged bankrupt, who filed an answer to the petition for the appointment of a receiver on December 27, 1933, and January 4, 1934, the special master sat to hear the petition for the appointment of a receiver. The petitioning creditors did not appear, either in person or by counsel. The special master had before him a request from the petitioning creditors, asking that the meeting be postponed until January 11, 1934. The special master refused this request, and then, notwithstanding the objection of the alleged bankrupt, called a witness, George I. Woner, vice president of the Ziegler Printing Company, and, after hearing him, the referee made an order appointing a receiver. The order for the appointment of a receiver was conditioned upon the petitioning creditors filing an indemnity bond in the sum of $500. The referee's certificate showing the proceedings before him on the appointment of a special master was filed with this court on January 5, 1934, and on January 6, 1934, the Ziegler Printing Company filed exceptions to the master's report, contending:

(1) That the referee, as special master, was without jurisdiction to make the order in the premises.

(2) That under the bankruptcy law, no receiver can be appointed at the request of the petitioning creditors, unless they have filed a bond approved by the court, conditioned for the payment of all costs, expenses, and damages occasioned by seizure of the property of the bankrupt.

At the request of the alleged bankrupt, this day was fixed for hearing of the exceptions. The petitioning creditors did not appear, and their counsel, Hymen Schlesinger and Isadore Schlesinger, wrote a letter to counsel for the alleged bankrupt, Frank Stonecipher, stating that they had no objections to offer on the argument of exceptions. This letter was presented to the court, and is filed as a part of the record in this case.

After hearing counsel, and on due consideration of the exceptions, we find that the second exception should be sustained, because no bond of the petitioning creditors has been filed, conditioned as required by the Bankruptcy Act, § 3 (11 USCA § 21), for the payment, in case the petition is dismissed, to the respondent, his or her personal representatives, all costs, damages, and expenses occasioned by such seizure, taking, and detention of the property of the alleged bankrupt. The filing of such a bond is a necessary prerequisite to the appointing of such a receiver. The referee made the order conditioned upon the petitioning creditors giving such bond, but, in our judgment, the conditional order should not have been made, because, as we view the law, the filing of a bond is a condition precedent to the power of the court to appoint a receiver on the petition of the petitioning creditors in bankruptcy. The second exception therefore will be sustained.

PER CURIAM.

### Order of Court.

Now, January 12, 1934, this case came on to be heard on exceptions to the order of the referee in bankruptcy, as special master, appointing a receiver for the Ziegler Printing Company, Inc.

After hearing counsel for exceptants, and the filing of a letter from counsel for the petitioning creditors that they did not care to be heard with reference to these exceptions, the court proceeded to hear the matter.

And on due consideration thereof, it is hereby ordered that exception No. 2 be sustained, and that the order of the referee, as special master appointing a receiver in this case, be vacated and set aside.